**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-2385

SHERRY RAY EVELAND, In the Matter of; Direct Legal Descendent of the Estate Legal Executor/Personal Representative of James Ray Charles Deceased Father,

Plaintiff - Appellant,

and

JODY EVELAND, Senior, Son-in-Law of James Ray Charles Deceased; JODY EVELAND, Junior, Son-in-Law of James Ray Charles Deceased,

Plaintiffs,

v.

THE STATE OF MARYLAND, Through its Legal Representative Brian Frosh Esq.; LEONARD E. WILSON LAW OFFICE, & Leonard Wilson Attorney Alleged; ANDRUIS D. ROGERS; WILLIAM RIDDLE LAW FIRM; LAW FIRM OF ROLLINS & DELLMYER, P.A.; CHARLES BERNSTEIN, Alleged Judge; BELINDA K. CONWAY, Esq.,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:16-cv-00762-CCB)

Submitted: April 25, 2017                    Decided: June 1, 2017

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

―――――――

Sherry Ray Eveland, Appellant Pro Se. Alexis Burrell Rohde, Assistant Attorney General, Baltimore, Maryland, for Appellees.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs, Sherry Ray Eveland, Jody Eveland, Sr., and Jody Eveland, Jr., brought this civil action seeking damages and injunctive relief against the State of Maryland, multiple law firms, an "Alleged Judge," and an attorney. The district court originally dismissed Plaintiffs' complaint, without prejudice, finding that "the precise nature and jurisdictional basis of the complaint [could not] be determined even after affording the matter a generous construction." The district court also found that because "[r]esolution of state probate matters is a vital state interest," the district court could not interfere with the challenged probate proceedings under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). We dismissed Sherry Ray Eveland's interlocutory appeal and remanded to the district court in accordance with *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015). *See Eveland v. Maryland*, 668 F. App'x 46 (4th Cir. 2016) (No. 16-1562).

On remand, Eveland filed a "Motion and Response," which the district court construed as an amended complaint. Recognizing that the probate action that is the subject of Plaintiffs' complaint remains pending in a Maryland state court, the district court again found that Plaintiffs' claims were not actionable in federal district court under the *Younger* abstention doctrine. The district court also concluded that despite the amended filing, Plaintiffs' claims were still not discernable and, thus, Plaintiffs' filing failed to comport with Fed. R. Civ. P. 8. The district court dismissed Plaintiffs' action, and Eveland timely appealed and has moved to proceed in forma pauperis. George McDermott, a reporter with the Maryland Court Watch News, has filed a motion to intervene, or in the alternative, for

3

permission to file an amicus curiae brief. Defendants oppose McDermott's motion to intervene and McDermott has filed a motion to correct the record, challenging assertions made in Defendants' opposition.

On appeal, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b). Because Eveland's informal brief does not challenge the basis for the district court's disposition, Eveland has forfeited appellate review of the court's order. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004).[*] Accordingly, although we grant Eveland's application to proceed in forma pauperis, we affirm the district court's order dismissing the amended complaint, and deny McDermott's motions to intervene and to correct the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We nonetheless discern no reversible error in the district court's dispositive holdings, or in the district court's rejection of Eveland's post-dismissal filing. *See, e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (dismissing complaint where it failed to provide defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests" (internal quotation marks omitted)); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (recognizing that the *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings" if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit" (internal quotation marks omitted)).